FILED
01 OCT 10 AM 8:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BAPTIST HEALTH SYSTEMS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CIVIL ACTION NO. 00-JEO-0838-S |
| DEANA JAMISON, | ) ) ) | |
| Defendant/Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| BLUE CROSS and BLUE SHIELD OF ALABAMA, | ) ) ) | |
| Third Party Defendant. | ) | |

ENTERED
OCT 10 2001

## MEMORANDUM OPINION

This matter is before the court on the plaintiff's "Motion for Summary Judgment." (Doc. 22). Upon consideration of the same, the court finds that the motion is due to be granted.

On August 13, 1999, the plaintiff, Baptist Health Systems, Inc., filed a complaint in the Circuit Court of Jefferson County, Alabama, against defendant Deana Jamison, asserting claims for breach of contract and for work and labor provided which remained unpaid. (Doc. 1 (Complaint)). On September 21, 2001, the plaintiff filed the motion for summary judgment, seeking entry of judgment in the plaintiff's behalf in the sum of $29,763.42, which consists of $17,399.00 in principal; $5,799.60 in attorneys fees; and interest of $6,564.82, which is calculated at 6% percent from the date of the default in this action, August 14, 1995. The plaintiff also seeks to recover the court costs.

Defendant Deana Jamison, by and through her counsel, filed a response to the motion for

summary judgment, asserting that the plaintiff does not have a defense to the same. (Doc. 23).

The evidence before the court reveals that the defendant was admitted to Baptist Medical Center Princeton on March 13, 1995. At the time of her admission, she signed a document captioned "Conditions of Admission, and Consent for Treatment". As a result of her treatment, certain medical and hospital services and supplies were necessary. The total cost of said supplies and services was $17,399.00. These services were necessary, reasonable, and performed in a professional manner by the plaintiff. The books and records of Baptist Medical Center reflect that after crediting the plaintiff's account for all payments, adjustments, and credits, there remains an outstanding balance at the time of the filing of this motion in the principal sum of $17,399.00. Despite repeated demands upon the defendant for payment, the balance due remains outstanding.

Premised upon the evidence in the record, the court finds that the plaintiff is entitled to the outstanding amount of $29,623.27, consisting of $17,399.00 in principal, attorneys fees in the amount of $5,799.60, plus interest at 6% per annum from the date of the default, August 14, 1995, and court costs. An appropriate order will be entered.

**DONE**, this the 9th day of October, 2001.

JOHN E. OTT
United States Magistrate Judge